THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| Leland William Calder,<br><br>             Plaintiff,<br><br>v.<br><br>FNU Zweber, et al.,<br><br>             Defendants. | **MEMORANDUM DECISION AND ORDER DEEMING MOOT MOTION FOR STATUS and MOTION FOR PROCESSING AND SERVICE OF SUMMONS, TEMPORARILY GRANTING IFP and ORDERING PLAINTIFF TO FILE AN AMENDED COMPLAINT**<br><br>Case No.  2:26-cv-00362-HCN-DBP<br><br>Judge Howard C. Nielson, Jr<br>Magistrate Judge Dustin B. Pead |

Pro se Plaintiff Leland Calder seeks leave to proceed in forma pauperis (IFP).[1] Calder also filed a Motion for Status of his Motion for IFP[2] and a Motion for Processing and Service of Summons.[3] Because Plaintiff moves to proceed *in forma pauperis*, the court reviews the sufficiency of the complaint under the authority of 28 U.S.C. § 1915.[4] After considering Plaintiff's pleadings, the court deems Calder's Motion for Status[5] and Motion for Processing and Service[6] MOOT, temporarily grants the Motion for IFP and orders Plaintiff to file an amended complaint by July 2, 2026, to correct deficiencies in the Complaint.

---

[1] ECF No. 2.

[2] ECF No. 12.

[3] ECF No. 13.

[4] 28 U.S.C. § 1915(e).

[5] ECF No. 12.

[6] ECF No. 13.

## <u>STANDARD OF REVIEW</u>

**1.      Screening Under 28 U.S.C. § 1915**

Under the in forma pauperis statute, the court shall, at any time, dismiss a case if it determines that the action is: "(i) frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[7] The statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."[8] To help facilitate that objective, the in forma pauperis statute provides the court with power to not only dismiss a claim based on an indisputably meritless legal theory, "but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."[9]

---

[7] 28 U.S.C. § 1915(e)(2)(B)(i-iii).

[8] *Trujillo v. Williams,* 465 F.3d 1210, 1216 (10th Cir. 2006) (citing *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)).

[9] *Id.*

When determining whether to dismiss a case under §1915, the court employs the same standard used to analyze motions to dismiss under Federal Rule of Civil Procedure 12.[10] Additionally, Federal Rule of Civil Procedure 8 is incorporated into the court's analysis.[11]

To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[12] The court accepts well-pleaded allegations as true and views the allegations in the light most favorable to the Plaintiffs, drawing all reasonable inferences in the Plaintiffs' favor.[13] A complaint fails to state a claim upon which relief may be granted if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[14] The Supreme Court has explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[15] To properly state a claim for relief in federal court, Plaintiff must craft a pleading that clearly states "what each defendant did

---

[10] *Kay v. Bemis,* 500 F.3d 1214, 1217-18 (10th Cir. 2007) ("We apply the same standard of review for dismissal under §1914(e)(2)(B)(ii) that we employ for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim."); Fed. R. Civ. P. 12(b)(6).

[11] *See United States ex rel. Lemmon v. Envirocare of Utah, Inc.,* 614 F.3d 1163, 1171 (10th Cir. 2010) ("Rule 8(a)'s mandate, that plaintiffs provide a 'short and plain statement of the claim showing that the pleader is entitled to relief,' has been incorporated into both the 9(b) and 12(b)(6) inquiries") (citing Fed. R. Civ. P. 8(a)).

[12] *Hogan v. Winder,* 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 547, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

[13] *Wilson v. Montano,* 715 F.3d 847, 852 (10th Cir. 2013).

[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929) (2007)).

[15] *Id.*

to [Plaintiff]; when the defendant did it; how the defendant's action harmed [Plaintiff]; and, what specific legal right the [P]laintiff believes the defendant violated."[16]

Additionally, Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief,"[17] and further provides that "[e]ach allegation must be simple, concise, and direct."[18] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s] devoid of 'further factual enhancement'''[19] "Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted."[20]  The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."[21]

### 2. Pro Se Litigant

As a pro se litigant, the court construes Mr. Calder's complaint liberally and holds Plaintiff's pleadings to a less stringent standard than formal pleadings drafted by lawyers.[22] Yet even under a liberal review, Plaintiff is not excused from compliance with federal pleading

---

[16] *Nasious v. Two Unknown B.I.C.E. Agents,* 492 F.3d 1158, 1163 (10th Cir. 2007); *see also Stone v. Albert,* 338 F. App'x 757, 759 (10th Cir. 2009) (unpublished) (citation modified) (quoting *Robbins v. Oklahoma,* 519 F.3d 1242, 1250 (10th Cir. 2008) ("To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'") (emphasis in original)).

[17] Fed. R. Civ. P. 8(a)(2).

[18] Fed. R. Civ. P. 8(d)(1).

[19] *Iqbal,* 556 U.S. at 662 (quoting *Twombly,* 559 U.S. at 555, 557) (citation modified).

[20] *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007).

[21] *Twombly,* 550 U.S. at 555 (alteration in original) (internal quotation marks omitted).

[22] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

requirements or from stating a claim for which relief may be granted.[23] For example, pro se plaintiffs still have "the burden of alleging sufficient facts on which a recognized legal claim could be based."[24] Further, it "is not the proper function of the Court to assume the role of advocate for a pro se litigant,"[25] and the court should not "supply additional facts, [or] construct a legal theory . . . that assumes facts that have not been pleaded."[26]

## **DISCUSSION**

Plaintiff brings a civil rights suit under 42 U.S.C. § 1983 alleging violations of the First, Fourth, Fifth, Sixth, and Fourteenth Amendments. These supposed violations arise from Plaintiff's allegation that "specific law enforcement personnel and related actors failed to properly investigate a reported assault, interfered with Plaintiff's ability to file or obtain a police report, and participated in subsequent criminal proceedings lacking probable cause."[27] Further, these actions by Defendants, many of whom are unknown, "resulted in denial of meaningful access to courts and equal protection under the law."[28] These alleged constitutional violations are ongoing and Plaintiff does not seek to relitigate prior dismissed claims.[29]

The fundamental factual core of Plaintiff's complaint is based on an incorrect premise. Plaintiff's allegations rest on the assertion that law enforcement failed to properly investigate a reported assault. Generally, you cannot bring a Section 1983 claim for a failure by police to

---

[23] *Id.* at 1009; *see also* Fed. R. Civ. P. 8; 28 U.S.C. §1915(e)(2)(B)(i)(ii); Fed. R. Civ. P. 12(b)(6).

[24] *Jenkins v. Currier,* 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

[25] *Hall*, 935 F.2d at 1110.

[26] *Dunn v. White,* 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied,* 493 U.S. 1059, 107 L. Ed. 2d. 954, 110 S. Ct. 871 (1990).

[27] Complaint at 1, ECF No. 1.

[28] *Id.*

[29] The court notes that Plaintiff filed a previous suit that the court dismissed for failure to state a claim. *See Calder v. Zweber et al.*, Case No. 2:25-cv-46 HCN DBP (D. Utah

5

investigate a crime. The Supreme Court has established that police officers have no constitutional obligation to provide police protection or investigate crimes for specific individuals. The Supreme Court has stated:

> nothing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors. The Clause is phrased as a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security. It forbids the State itself to deprive individuals of life, liberty, or property without "due process of law," but its language cannot fairly be extended to impose an affirmative obligation on the State to ensure that those interests do not come to harm through other means. Nor does history support such an expansive reading of the constitutional text. Like its counterpart in the Fifth Amendment, the Due Process Clause of the Fourteenth Amendment was intended to prevent government "from abusing [its] power, or employing it as an instrument of oppression," … Its purpose was to protect the people from the State, not to ensure that the State protected them from each other.[30]

Thus, based on these principles, the Supreme Court's cases "have recognized that the Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual."[31]

Applying these principles here undermines the premise of Plaintiff's complaint making it subject to dismissal. "As a general matter, … a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause."[32] Nor does failing to investigate such a claim.

In similar fashion, Plaintiff's alleged claims of equal protection violations, denial of access to the courts, and Monell liability all fail. None of them are adequately pled and

---

[30] *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195–96, 109 S. Ct. 998, 1003, 103 L. Ed. 2d 249 (1989).

[31] *Id. See also*

[32] *DeShaney*, 489 U.S. at 196.

are based on conjecture without requisite detail. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"[33]

Finally, although it appears that allowing Plaintiff an opportunity to amend would be futile making dismissal proper,[34] the court will allow Plaintiff an opportunity to amend his complaint. If Plaintiff fails to file a timely amendment or remedy the defects in the current complaint, this matter will be dismissed.

Plaintiff should consider these general points before filing an Amended Complaint:

1.    The Amended Complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint. Any claims which are not realleged in the Amended Complaint will be deemed abandoned.[35]

2.    The Amended Complaint must clearly state what each named Defendant did to violate Plaintiff's rights.[36] Plaintiff should identify each constitutional violation and include, as must as possible, specific dates when the alleged constitutional violations occurred. The Amended Complaint must comply with Rule 8 by being concise, clear, and not a free form narrative consisting of numerous pages.

## **ORDER**

---

[33] *Iqbal,* 556 U.S. at 662 (quoting *Twombly,* 559 U.S. at 555, 557) (citation modified).

[34] *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

[35] *See Pierce v. Williams*, 2020 U.S. Dist. LEXIS 185074 at *6 (E.D. Okla. Oct. 6, 2020) (unpublished) (citing *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991) ("An amended complaint completely replaces the original complaint and renders the original complaint of no legal effect")); *Murray v. Archambo,* 132 F.3d 609, 612 (10th Cir. 1998) (amended complaint supersedes original complaint).

[36] *Bennett v. Passic,* 545 F.2d 1260, 1262-63 (10th Cir. 1976) (personal participation of each named defendant required to state a civil rights claim).

Consistent therewith, the Court now ORDERS as follows:

1.   Plaintiff's Motion for Status and Motion for Processing and Service of Summons are DEEMED MOOT.[37]

2.   Plaintiff's Motion for IFP is temporarily granted.[38]

3.   Plaintiff is ORDERED to file an Amended Complaint by **July 17, 2026.** The words "Amended Complaint" should appear in the caption of the document.

4.   Once filed, the court will screen the Amended Complaint under 28 U.S.C. § 1915(e) and Local Civil Rule DUCivR 3-2(b).

5.   Other than an Amended Complaint, Plaintiff is not to file any other motions until the Amended Complaint has been properly screened.

6.   Failure to file a timely Amended Complaint will result in dismissal of this action.

IT IS SO ORDERED

DATED this 16 June 2026.

_____
Dustin B. Pead
United States Magistrate Judge

---

[37] ECF No. 12.

[38] ECF No. 2.